**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2473
_____


BOBAN JOVANOVIC,
                                        Appellant
v.

NORTHROP GRUMMAN CORPORATION


On Appeal from the United States District Court
for the District of New Jersey
(No. 05-cv-04487)
District Judge:  Hon. Dennis M. Cavanaugh

Submitted June 21, 2011

Before:  CHAGARES, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>.

(Filed: June 30, 2011)
_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

        Plaintiff Boban Jovanovic appeals from an order of the District Court granting

defendant Northrop Grumman Corporation's motion for summary judgment and denying

plaintiff's cross-motion for summary judgment.  For the reasons that follow, we will

affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the essential facts. Jovanovic is the sole shareholder in two Delaware corporations, Genesis International ("Genesis") and International Infrastructure Consortium, Ltd. ("IIC"). During the time period relevant to this action, Genesis was a member of the United States-Algeria Business Counsel ("US-ABC"), a non-profit trade association dedicated to fostering trade between the United States and Algeria. Northrop Grumman Corporation ("Northrop") was also a member. Beginning in March 2004, Donald Wilhelm, a Vice-President in the Electronic Systems Sector of Northrop, took over as the Chairman of the US-ABC Board. Peggy Hewinson, an operations manager at Northrop, performed administrative duties for Wilhelm in his capacity as Chairman of the US-ABC.

Following its September 2, 2004 meeting, the US-ABC Board decided to send a letter to Genesis asking it to withdraw its membership from the US-ABC (the "letter"). Wilhelm drafted the letter, in his capacity as Board Chairman, and sent it to US-ABC's lawyer, James Bailey, for review. Bailey edited the letter and printed it on US-ABC letterhead. Wilhelm signed the final version of the letter as "Chairman, US-Algeria Business Council" and sent it to "Mr. Robert [sic] Jovanovic, President, Genesis International Holdings" on September 14, 2004. Appendix ("App.") 146.

The letter asked Jovanovic to withdraw Genesis from the US-ABC because "Genesis appear[ed] to inappropriately claim some manner of affiliation with a number of individuals or entities that are or were members of the US-ABC," App. 146, and had demonstrated "an uneven history" in satisfying its financial obligations to the trade

2

group.  Id.  At Wilhelm's request, Hewinson distributed the letter to members of the US-ABC via email.[1]

Based on this allegedly defamatory letter, Jovanovic filed the present action, asserting numerous claims against twenty-five individual and corporate defendants. After a prior round of proceedings, culminating in an unpublished opinion from this Court, only Jovanovic's claim for personal defamation against Northrop remains.  The District Court granted summary judgment to Northrop on this claim, finding that Northrop could not be held vicariously liable for the actions of Wilhelm and Hewinson because they did not publish the letter within the scope of their employment with the company.[2]  The District Court also denied Jovanovic's cross-motion for summary judgment based on spoliation of evidence, finding that the evidence in question was immaterial to the Court's disposition of the case because it spoke to the defamatory nature of the letter and not to Northrop's role in dispute.

II.

The District Court properly exercised jurisdiction over this action pursuant to 29 U.S.C. § 1332.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] Hewinson's initial e-mail stated, in part, that Genesis had been "expelled from US ABC membership."  App. 491.  About three minutes after Hewinson's e-mail was sent, Hewinson retracted the e-mail using the "recall" feature from Microsoft Outlook and resent it stating that Genesis had been asked to withdraw its membership from the US-ABC.

[2] The District Court held in the alternative that Northrop was entitled to summary judgment because the letter was not "of and concerning the plaintiff."  Because we affirm on other grounds, we need not address this alternative holding.

"We subject the District Court's grant of summary judgment to plenary review, and we apply the same standard that the lower court should have applied." Smathers v. Multi-Tool, Inc., 298 F.3d 191, 194 (3d Cir. 2002). Under that standard, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "While the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (citations, quotation marks, and brackets omitted).

We review the denial of Jovanovic's motion for sanctions based on spoliation of evidence for an abuse of discretion. In re Hechinger Inv. Co. of Delaware, Inc., 489 F.3d 568, 574 (3d Cir. 2007).

III.

Even assuming that Jovanovic has successfully made out a claim for defamation — a proposition of which we are doubtful — we agree with the District Court that Northrop cannot be held vicariously liable for the actions of Wilhelm and Hewinson in publishing the letter.

An employer may be held liable for intentional torts committed by its employees "within the scope of [their] employment." Printing Mart-Morristown v. Sharp Elecs. Corp., 563 A.2d 31, 47-48 (N.J. 1989). An employee acts within the scope of employment only when the action in question is "of the kind that the servant is employed

4

to perform; [] occurs substantially within the authorized time and space limits; and [] is actuated, at least in part, by a purpose to serve the master." Id. (quotation marks and original brackets omitted).

The only evidence presented on this issue demonstrates that the letter was drafted and published on behalf of the US-ABC, in the course of Wilhelm's duties as US-ABC Board Chairman. To that end, Northrop offered evidence showing that the decision to draft the letter was made by US-ABC's Board at the September 2, 2004 meeting, that the letter was written on US-ABC letterhead, and that it was reviewed by US-ABC's counsel, James Bailey, prior to being signed by Wilhelm in his capacity as Chairman of the US-ABC Board.

To counter this evidence, Jovanovic argues that, because Wilhelm was not only the Board Chairman, but also Northrop's representative to the US-ABC, and because the purpose of the US-ABC was to advance business interests in Algeria, Wilhelm must have been acting on behalf of Northrop when he published the allegedly defamatory letter. In this regard, Javanovic offers extensive allegations as to how Northrop may have benefitted from the action that Wilhelm took as Board Chairman to remove Genesis from the US-ABC. But the fact that Northrop may have benefitted from Wilhelm's publication of the letter is insufficient to create a genuine issue of material fact as to whether Wilhelm acted within the scope of his employment at Northrop in so doing. Similarly, there is no evidence to support Jovanovic's suggestion that, because Hewinson was an employee of Northrop, she necessarily must have acted within the scope of her employment when she emailed Wilhelm's letter to the members of the US-ABC. In

5

short, we are persuaded that, insofar as the allegedly defamatory conduct engaged in by Wilhelm and Hewinson may be imputed to a principal, the evidence demonstrates that the appropriate entity is US-ABC, not Northrop. Accordingly, the District Court properly granted summary judgment to Northrop on that basis.

We are similarly persuaded that the District Court did not abuse its discretion in declining to award Jovanovic summary judgment as a sanction for spoliation of evidence. Jovanovic alleges that Northrop committed "fraud, spoliation of evidence and misconduct" by (1) concealing the originals of the underlying Genesis promotional materials that Jovanovic gave to Wilhelm, (2) concealing and withholding electronic disks containing some of Wilhelm's emails, and (3) altering the minutes from the US-ABC's Board meeting on September 2, 2004. But, as the District Court pointed out, even if Jovanovic's allegations are to be believed, the evidence in question would do nothing to undermine the conclusion that Northrop was not vicariously liable for the letter's contents. Under such circumstances, we cannot conclude that the District Court abused its discretion in declining to award summary judgment to Jovanovic as a sanction for the alleged spoliation of evidence.[3]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Having found no error in the District Court's initial order awarding Northrop summary judgment, we also find no abuse of discretion in the District Court's denial of Jovanovic's motion for reconsideration.